(41 Misc. Rep. 97.)

PEOPLE v. BAGLEY et al.

(Court of Special Sessions of First Division of City of New York.   June, 1903.)

1. COURT OF SPECIAL SESSIONS—JURISDICTION—VIOLATION OF LIQUOR LAW.

Laws 1896, p. 45, c. 112, § 35, provides that all proceedings for the punishment of any violation of the liquor law shall be prosecuted by indictment and trial in a court of record having jurisdiction of the trial of crimes of the grade of felony. This section was amended by Laws 1897, p. 207, c. 312, and section 35 "a" added, providing that proceedings for the punishment for violations of the act, the penalties of which are prescribed in subdivisions 1, 2, 3, 4, of section 34, shall be prosecuted by indictment and trial in a court of record, and that a magistrate shall issue a warrant on information, and, if it appears that a crime not triable by a Court of Special Sessions has been committed, shall admit such person to bail. *Held,* that the Court of Special Sessions in the city and county of New York acquires jurisdiction to try and punish, under section 34 of said law, all violations of section 31 of said law, prohibiting the giving away of liquor in any quantity whatever, any part of which is to be drunk on the premises, by any person not having paid the tax.

John Bagley and five others were convicted of an illegal sale of liquor, and move to dismiss, and in arrest of judgment, and for new trials.   Motions denied.

Argued before HOLBROOK, P. J., and MAYER and McKEAN, JJ.

John H. Iselin, Asst. Dist. Atty., for the People.

House, Grossman & Vorhaus and James J. Walsh (Frederick B. House and James J. Walsh, of counsel), for defendants.

PER CURIAM.   The information charges that the defendant sold to the complainant McCutcheon a glass of whisky, at the hour of 9:30 p. m. on February 16, 1903, at No. 1730 Broadway, in the county of New York; that the complainant then and there drunk this whisky, and knew it was whisky, and paid the sum of 15 cents therefor to the defendant; that said sale was of a quantity less than five wine gallons; and that at the time of said sale defendant had not obtained and posted, nor had there been obtained and posted, the liquor tax certificate required by chapter 112, p. 45, of the Laws of 1896.   The proof upon the trial fully sustained the allegations set forth in the information, and the defendant was found guilty.   Various motions were made during and after the trial, but we shall consider only the motions addressed to the proposition that this court has no jurisdiction to try the case at bar.

Chapter 112, p. 45, of the Laws of 1896, provided, in section 35 thereof, as follows:

"Jurisdiction of Courts.—Except as otherwise provided by this act, all proceedings instituted for the punishment of any violations of the provisions of this act, the penalties for which are prescribed in section thirty-four, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed, and by trial in a court of record having jurisdiction for the trial of crimes of the grade of felony, except that a magistrate may issue a warrant of arrest upon information and depositions and examine the case as now provided by law; but if it shall appear upon such examination that a crime, the penalty for which is prescribed in section thirty-four, has been committed, and that there is sufficient cause to believe the person or persons

charged with such crime guilty thereof, such magistrate may admit such person or persons to bail, in a sum not less than one thousand dollars, and in default of bail shall commit him or them to the sheriff of the county, or if in the city of New York to the keeper of the city prison of the city of New York."

In order that jurisdiction should be conferred in unmistakable language upon this Court of Special Sessions, the foregoing section was amended by chapter 312, p. 207, of the Laws of 1897, and a new section, to wit, 35 "a," added by the same statute.   Section 35, as amended, reads as follows (the changes being in italics):

"Jurisdiction of Courts; Reports of Magistrates.—Subdivision 1. Except as otherwise provided by this act, all proceedings instituted for the punishment of any violations of the provisions of this act, the penalties for which are prescribed in *subdivisions one, two, three or four of* section thirty-four, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed, and by trial in a court of record having jurisdiction for the trial of crime of the grade of felony; except that a magistrate *shall* issue a warrant of arrest upon information and depositions and examine the case as now provided by law, but if it shall appear upon such examination that a crime (the penalty for which is prescribed in section thirty-four thereof) *not triable by a Court of Special Sessions has been committed* and that there is sufficient cause to believe that the person or persons charged with such crime is guilty thereof, such magistrate *shall* admit such person or persons to bail, in a sum not less than one thousand dollars, and in default of bail shall commit him or them to the sheriff of the county, or, if in the city of New York, to the keeper of the city prison of the city of New York."

Section 35 "a," being a new section, need not be here set forth at length; it may be readily referred to in the statute.   A comparison of the original section with the section as amended, and the addition of section 35 "a," will show that it was the clear intent of the Legislature to confer certain jurisdiction on this Court of Special Sessions, which, prior to the amendment, either was not conferred or was in doubt.   Section 31 provides that it shall not be lawful for any corporation, association, copartnership or person who has not paid the tax to sell, offer, or expose for sale or give away liquors in a quantity less than five gallons at a time, and also makes it unlawful for a person not having paid the tax to sell, offer, or expose for sale or give away liquor in any quantity whatever, any part of which is to be drunk on the premises of the vendor, or in a building or yard connected with such premises.   It will thus be seen that under section 31 the Legislature used phraseology so comprehensive that under no circumstances could any sale or exposure for sale, or offer, or giving away of liquor be lawful, unless the tax had first been paid.   It is then provided in section 31 that sales, offers, exposures for sale, or the giving away of liquor at certain times, and in certain places, and under certain conditions, shall not be lawful.   The language used is:   "It shall not be lawful for any corporation   *   *   *   or person, whether having paid such tax or not, to sell   *   *   *   liquor."   As provision had been made in the preceding part of the section that any sale, offer, or exposure for sale or giving away of liquor by any person not having paid the tax was unlawful, the clause above quoted prohibiting sales, etc., by persons not having paid the tax, may be regarded as redundant;   for. if any sale whatever, without the tax having been paid is not lawful, then possibly it was unnecessary to set

forth that sales at a particular time or place by a person not having paid the tax were unlawful. But the Legislature added these words evidently out of an abundance of caution, so that there should not be any doubt that the law was intended to prohibit the sale of liquor at any time or place by any person who had not paid the tax. The information and the proof in the case at bar clearly show a violation of the provisions of section 31. Section 34 provides that "any corporation * * * or person who traffics without having lawfully obtained a liquor tax certificate" shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine equal to the amount of the tax, or may also be imprisoned in a county jail or penitentiary. In subdivision 2 of section 34, certain penalties are prescribed for other violations of the act, but, in order that there might be no confusion, it is provided at the conclusion of said subdivision 2 of section 34, as follows:

"But this clause does not apply to violations of section 31 of this act by a person not holding a liquor tax certificate the punishment for which is provided in the first clause of this section."

The words "the first clause of this section" clearly refer to subdivision 1 of section 34, and necessarily in turn refer back to section 31 of this act; so that the effect of section 34 is to provide, among other things, a penalty for the violation of section 31. Section 31 defines what shall not be lawful, and section 34 fixes the penalties. Section 35 "a" specifically then prescribes that, after a person has been held to bail or committed by a magistrate upon a complaint for a violation of section 31, all further proceedings for the purposes mentioned in section 35 shall be prosecuted in the Court of Special Sessions in and for the county of New York. "For the purposes mentioned in section 35 of this act," refers to the procedure set forth in said section 35, that is to say, the holding by the magistrate, the admission to bail, and the other details in said section 35 set forth.

To recapitulate, the defendant in the case at bar has been convicted of a violation of section 31, the penalty for which is fine and imprisonment. The power to try for a violation of section 31 has been specifically conferred upon the Court of Special Sessions of this county, and the whole intendment of the act is to confide to this court the trial of all violations of section 31, and not to exclude jurisdiction in respect of any violation occurring under section 31. That the Legislature has power to provide that these cases shall be tried in the court specially created for the trial of misdemeanors in this county is so well established that discussion upon that point is unnecessary.

The motions to dismiss and in arrest of judgment and for a new trial are denied. Motions denied.